IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOMAS LORENZO-PEREZ,

    Defendant.

Crim. No. 97-190 (8) (SEC)

## MEMORANDUM AND ORDER

On March 28, 2013, the Federal Bureau of Prisons (BOP) requested clarification from this court about the January 23, 2001 amended judgment. Docket # 386. The Court then ordered the U.S. Probation Office and the U.S. Attorney's Office to respond, Docket # 388, which they did. Dockets ## 389, 402. In due course, the Court also ordered Tomás Lorenzo-Pérez to respond to the government's request, Docket # 403, but he never did.[1] For the reasons set out below, the Court orders that Lorenzo-Pérez's judgment be **CORRECTED** to reflect a total sentence of imprisonment of 495 months.

**Background**

On January 5, 1999, the Court issued a judgment in the following terms:

Imprisonment for a term of 135 months as to each of counts 1 & 2, to be served concurrently with each other, as well as an imprisonment term of 60 months as to count 3, and of 360 months as to count 5, said terms to be served <u>consecutively</u> to counts 1 & 2. SRT of 5 yrs as to each counts 1, 2 & 5, and 3 years as to count 3 to be served concurrently with each other. SMA of $100.00 for each counts 1, 2, 3 & 5, for a total of $400.00.

---

[1] Federal Rule of Criminal Procedure 36 does not allow the Court to correct a clerical error without first giving prior notice to the defendant. See Fed. R. Crim. P. 36 ("any notice it considers appropriate"); see also United States v. Anobah, 734 F.3d 733, 739 (7th Cir. 2013).

Docket # 246 (emphasis added). Lorenzo-Pérez later appealed that judgment alleging in pertinent part that "the district court committed reversible error in directing that the thirty-year prison term imposed under Count 5 run consecutively to the five-year term imposed under Count 3, since both counts alleged subsection 924(c) violations arising from a single predicate offense, the Mieses-Pimentel hostage-taking." United States v. Pena-Lora, 225 F.3d 17, 32 (1st Cir. 2000) (emphasis and citations omitted). And the Court of Appeals for the First Circuit agreed:

> the imposition of consecutive sentences under subsection 924(c) for using multiple weapons during a single crime of violence would impinge upon fundamental "double jeopardy" principles. . . . Accordingly, we hold that the consecutive sentences imposed upon Lorenzo-Pérez for the two firearms convictions, involving but one hostage-taking, are to run concurrently. . . . The imposition of consecutive terms of imprisonment upon appellant Lorenzo-Pérez under Counts 3 and 5 is hereby vacated, and the prison terms on these counts shall run concurrently. In all other respects, the district court judgment is affirmed.

Id. & at 35-36 (internal citations and typeface omitted); see also First Circuit's Judgment (1st Cir. Sept. 1, 2000) (unpublished but available at Docket # 317).

Because the original judgment had the terms under Counts 3 and 5 running consecutively with each other and consecutively to counts 1 and 2, the only modification made by the First Circuit was that Counts 3 and 5 "shall run concurrently" with each other. The Court of Appeals, then, left untouched the rest of Lorenzo-Pérez's sentence. This court, however, modified its original judgment to read as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred and thirty-five (135) months as to each of counts one and two, to be served concurrently with each other, as well as an imprisonment term of sixty (60) months as to count three, and of three hundred and sixty (360) months as to count five, said terms to be served concurrently to counts one and two as required by law.

Docket # 326 (emphasis added).

In its letter, the BOP explains that because of this amended judgment, it updated Lorenzo-Pérez's sentence computation to reflect a total term of 420 months. Docket # 386, p. 2. Yet the BOP also informs that "Lorenzo-Pérez recently appealed the calculation of his federal sentence, as he believes the total term in effect should be computed as 360 months." Id. As a result, the BOP reviewed the First Circuit's decision, and now "believes the intent may have been for the 60 months and 360 months, imposed for counts three and five, to run concurrently to each other, with the judgment of the district court affirmed in all other respects." Id. The BOP further posits that "18 U.S.C. § 924(c) requires a term of imprisonment to be served consecutive to any other sentence," thus concluding that Lorenzo-Pérez's total term in effect should be 495 months, instead of the 420 months originally computed. Id.

The U.S. Probation Office, for its part, says that "the sentence imposed in Counts Three and Five [must] run concurrently with each other but consecutive to the terms imposed in Counts One and Two, for a total of 495 months of imprisonment." Docket # 389, p. 5-6. The U.S. Attorney's Office shares the same view, maintaining that "[n]o sentence for an 18 U.S.C. 924(c)(1) violation may be imposed concurrently with any other non-924(c) count of conviction, as the statute so mandates." Docket # 402. This is so, it explains, because "the statute mandates that the term of imprisonment for a 924(c) conviction be served consecutively with the term of imprisonment for the crime of violence or drug trafficking crime in which the firearm was possessed or carried . . . ." Id. Ultimately, it submits that Lorenzo-Pérez's "total punishment is 495 months of imprisonment." Id.

**Discussion**

The "'mandate rule' requires that the trial court conform with the directions of the appellate court on remand." U.S. v. Dávila-Félix, 763 F.3d 105, 109 (1st Cir. 2014); see also Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) ("Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass"). "A district court seeking to determine the scope of remand must therefore consider carefully 'both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Dávila-Félix, 763 F.3d at 109 (quoting United States v. Genao-Sánchez, 525 F.3d 67, 70 (1st Cir. 2008)). "Nothing in the mandate rule, however, divests the district court altogether of its ability to correct 'clerical mistake[s],' 'oversight[s],' or 'ommission[s]'." Diez v. Jiten Hotel Management, Inc., 741 F.3d 170, 175 (1st Cir. 2013).

But a district court is authorized to modify a criminal sentence "only in specified instances where Congress has expressly granted the court jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see also United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994) (noting that "[t]he authority to change a sentence must derive from some federal statutory authority"). To that end, Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added); see U.S. v. Zorrilla-Echevarria, 671 F.3d 1, 9-10 (1st Cir. 2001). Rule 36 thus gives the court authority to correct clerical-type error, but not to make substantive alterations to a

sentence. See, e.g., United States v. Mojabi,161 F. Supp. 2d 33, 37 (D. Mass.2001) (citing United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984)); United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

Here, Rule 36 applies. The substantive alteration to the judgment was made by the First Circuit on appeal, leaving no room for sentencing discretion. That is to say, this court needed only to amend the judgment consistent with the First Circuit's mandate. The mandate, as said, directed this court to amend its judgment so that Counts 3 and 5 "run concurrently" as to each other. Pena-Lora, 225 F.3d at 36. But it left untouched the rest of Lorenzo-Pérez's sentence. See id. ("In all other respects, the district court judgment is affirmed."). So the judgment needed to state that Counts 3 and 5 must run concurrently with each other, but that they must be served consecutively to Counts 1 and 2. But because of a clerical mistake when rephrasing the judgment, the word "consecutively" was substituted for "concurrently," without more. Rule 36 therefore provides the appropriate mechanism to correct such a clerical oversight. Cf. United States v. Arboleda, 929 F.2d 858, 871 (1st Cir. 1991).

### Conclusion

For the reasons stated, the January 23, 2001 amended judgment shall be **CORRECTED** to reflect an imprisonment term of 135 months as to each of Counts (1) and (2), to be served *CONCURRENTLY* with each other, as well as an imprisonment term of 60 months as to Count (3), to run *CONCURRENTLY* with an imprisonment term of 360 months as to Count (5), **BUT to be served *CONSECUTIVELY*** to the terms imposed in Counts (1) and (2), for a total of 495 months of imprisonment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of November, 2014.

                                          *s/ Salvador E. Casellas*
                                          SALVADOR E. CASELLAS
                                          U.S. Senior District Judge